UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                   :

**ISMAEL ESTRELLA**,

                               Plaintiff,

                          – against –

**LEE KWOK; SAVVAS TJORTJOGLOU;
MELINDA KATZ; JACQELINE FRANK;
JORDAN KORB; JANE DOE; JOHN DOE,**

                             Defendants.
------------------------------------------------------------- X

**ORDER**

25-CV-4784 (AMD) (CHK)

**ANN M. DONNELLY**, United States District Judge:

On August 15, 2025, the *pro se* plaintiff, who is currently detained at the Robert N. Davoren Center on Rikers Island, filed this action pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 2.) The plaintiff's IFP application is granted. For the reasons below, the plaintiff's complaint is dismissed with leave to amend.

## BACKGROUND

The plaintiff alleges that Lee Kwok, a United States probation officer, lied to the police, the Queens County District Attorney's Office, and grand jurors, in connection with two indictments pending against him in Queens. (ECF No 1 at 5.)[1] He also claims that Detectives Savvas Tjortjoglou and Jacqueline Frank, and Assistant District Attorney Jordan Korb knowingly made false statements to the grand jury. (*Id.*) Finally, he asserts that John and Jane

---

[1] The plaintiff is charged in separate indictments with Burglary in the Second Degree and Grand Larceny in the Second Degree, *see* IND-70908-24/001, and Burglary in the Second Degree, Grand Larceny in the Fourth Degree, and Petit Larceny, *see* IND-72937-24/001. His next appearance in Queens County Supreme Court is on September 4, 2025.
https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited August 29, 2025).

Doe Police and/or District Attorney defendants made false statements to the grand jury, falsely arrested him, and violated his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The plaintiff seeks monetary damages and injunctive relief.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.

Moreover, Federal Rule of Civil Procedure 8 requires a plaintiff to provide facts sufficient to allow each defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up); *see also id.* (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Because the plaintiff is proceeding *pro se*, the Court construes his complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015)

(cleaned up); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nonetheless, the Prison Litigation Reform Act requires a district court to screen an incarcerated person's civil complaint against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Moreover, a district court must dismiss an IFP action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See id.* § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

### I. Subject Matter Jurisdiction – *Younger* Abstention

To the extent the plaintiff asks the Court for injunctive relief, the Court lacks jurisdiction over the plaintiff's claim under the abstention doctrine established by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). "The defining feature of *Younger* abstention is that even though either a federal or a state court could adjudicate a given claim, when there is an ongoing state proceeding in which the claim can be raised, and when adjudicating the claim in federal court would interfere unduly with the ongoing state proceeding, the claim is more appropriately adjudicated in state court." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000). The Supreme Court has explained that *Younger* abstention is appropriate when three categories of state court proceedings are pending: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions;" and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (internal citations omitted). Accordingly, a federal court may

3

not intervene in a state court criminal prosecution "in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973) (citing *Younger*, 401 U.S. 37).

The plaintiff asks the Court to adjudicate claims concerning the validity of the state's indictment and his arrest. The plaintiff can and should raise these claims in his pending state criminal actions, because any decision this Court were to make on those claims would interfere with the state proceedings.[2]

## II.  Failure to State a Claim Under § 1983

Nor does the plaintiff state a claim for damages under Section 1983. That statute provides in relevant part that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. A plaintiff making a § 1983 claim must allege: "(1) that the challenged conduct was 'committed by a person acting under color of state law'; and (2) that such conduct 'deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Gazzola v. Cnty. of Nassau*, No. 16-CV-909, 2016 WL 6068138, at *4 (E.D.N.Y. Oct. 13, 2016) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

### a.  Claims Related to Grand Jury Testimony

"[A] grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). Indeed, a grand jury witness

---

[2] The plaintiff does not allege bad faith, harassment, or irreparable injury in connection with the state criminal proceedings.

4

is immune from suit "even if that testimony is perjurious." *Coggins v. Buonora*, 776 F.3d 108, 112 (2d Cir. 2015) (citing *Rehberg*, 566 U.S. at 369). This rule applies to all grand jury witnesses — whether laypeople or law enforcement officers. *Id.*

The plaintiff claims that defendants Kwok, Tjortoglou and Frank knowingly made false statements to the grand jury. As explained above, these defendants are entitled to absolute immunity for their statements in the grand jury. Accordingly, the claims against Tjortoglou, Frank, and Kwok are dismissed.

### b. Claims Against Prosecutors

Prosecutors are absolutely immune from § 1983 suits for actions that are intimately associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutorial actions that are intimately associated with the judicial phase of the criminal process . . . are absolutely immune from liability in § 1983 lawsuits."); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'" (quoting *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976))); *DeFreitas v. Toulon*, No. 23-CV-5933, 2024 WL 308250, at *9 (E.D.N.Y. Jan. 26, 2024) ("The actions for which a prosecutor is entitled to absolute immunity include 'deciding whether to bring charges and presenting a case to a grand jury or a court.'" (quoting *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013))).

The plaintiff asserts claims against District Attorney Melinda Katz and Assistant District Attorney Jordan Korb for conduct intimately associated with their roles as prosecutors. The plaintiff does not plead that either of these defendants acted outside the scope of their duties in

5

presenting the case to the grand jury, and therefore, these claims are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

**III.    Leave to Amend**

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Here, the plaintiff may have a viable claim for false arrest against the Doe officers. Accordingly, the plaintiff may amend his complaint to develop this claim.

If the plaintiff chooses to file an amended complaint, he should be guided by the following principles: To state a claim for false arrest and imprisonment, a plaintiff must allege "(1) the defendant intended to confine plaintiff; (2) plaintiff was conscious of the confinement; (3) did not consent to such confinement; and (4) the confinement was not otherwise privileged." *Savino v. City of N.Y.*, 331 F.3d 63, 75 (2d Cir. 2003). An arrest is privileged when there is probable cause. *Iacobi v. Felix*, No. 19-CV-3245, 2022 WL 21781617, at *2 (E.D.N.Y. Sept. 9, 2022). Moreover, a grand jury indicted the plaintiff, so the arrest is presumed to be privileged. *See Fulton v. Robinson*, 289 F.3d 188, 198 (2d Cir. 2002). The plaintiff may rebut this presumption by plausibly alleging "that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." *Id*.

## CONCLUSION

Accordingly, the complaint, filed IFP, is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint within 30 days from the entry date of this Order.

The amended complaint will replace the original complaint and must stand on its own without reference to the original complaint.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order, 25-CV-4784 (AMD) (CHK).  If the plaintiff does not file an amended complaint within 30 days of this Order or show good cause for an extension of time, the Court will direct the Clerk of Court to enter judgment and close the case.

The Clerk of Court is respectfully directed to mail a copy of this Order and a prisoner's civil rights complaint form to the plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                                             s/Ann M. Donnelly
                                                                    ANN M. DONNELLY
                                                                    United States District Judge

Dated: Brooklyn, New York
          September 3, 2025