UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
**ISMAEL ESTRELLA**,

                Plaintiff,

    – against –

**LEE KWOK; SAVVAS TJORTJOGLOU; MELINDA KATZ; JACQELINE FRANK; JORDAN KORB; JANE DOE; JOHN DOE**,

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

25-CV-4784 (AMD) (CHK)

**ANN M. DONNELLY,** United States District Judge:

The *pro se* plaintiff, currently incarcerated at the Robert N. Davoren Center ("RNDC") on Rikers Island, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against United States probation officer Lee Kwok, NYPD Detectives Savvas Tjortjoglou and Jacqeline Frank, Queens County Assistant District Attorney Jordan Korb, Queens County District Attorney Melinda Katz, and John and Jane Does. On September 3, 2025, the Court granted his request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and dismissed his complaint without prejudice, but granted him leave to amend his complaint. *See Estrella v. Kwok*, No. 25-CV-4784, 2025 WL 2533376 (E.D.N.Y. Sept. 3, 2025). On September 11, 2025, the plaintiff filed an amended complaint. (ECF No. 7.) For the reasons discussed below, the plaintiff's amended complaint is dismissed.

## BACKGROUND

The plaintiff's amended complaint, filed as a handwritten letter, generally restates the same allegations he asserted in his original complaint: that Officer Lee Kwok lied about the number of times he met with the plaintiff in his role as a Probation Officer, that Detectives Savvas Tjortjoglou and Jacqeline Frank repeated the lies, and that the lies were then "carried on

to the [grand jury] hearings." (*Id.* at 1–2.) The plaintiff also appears to argue that Officer Kwok's identification of him from a surveillance image, which gave Detectives Tjortjoglou and Frank "probable cause to arrest" him, was based on the "perjured statements." (*Id.* at 2–3.)

The plaintiff asserts that ADA Jordan Korb knew about Officer Kwok's "conflicting statements and still willingly chose to overlook them," and that District Attorney Melinda Katz "signed off" on the "complaint . . . before the Grand Jury proceedings." (*Id.* at 2.) The plaintiff says that he is "not challenging [his] indictments whatsoever" because his "criminal proceedings are still continuing" and "[t]hat is for a lower courts dispositions," but that his "civil rights have been violated by the actions and lies as well as non-actions" of the defendants. (*Id.* at 2–3.) The plaintiff does not state the relief he seeks, but in his original complaint he sought "injunctive relief to be determined later" and "$3 million dollars in damage and injuries." (ECF No. 1 at 6.)

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Federal Rule of Civil Procedure 8 requires a plaintiff to provide facts sufficient to allow each defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d

2

Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up); *see also id.* (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Because the plaintiff is proceeding *pro se,* the Court evaluates his amended complaint by less stringent standards than pleadings drafted by attorneys and interprets it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). However, the Prison Litigation Reform Act requires a district court to screen an incarcerated person's civil complaint against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Furthermore, a court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.   Younger Abstention

As the Court previously noted, it is not clear what relief the plaintiff seeks. The plaintiff says that he is "not challenging [his] indictments whatsoever," (ECF No. 7 at 2), but to the extent he wants the Court to adjudicate related claims concerning the validity of the state court's indictment and his arrest for violation of parole, he can raise those claims in his pending state criminal action. As the Court stated in its prior Order, any decision the Court were to make on

those claims would interfere with the state court proceedings. (*See* ECF No. 6 at 3–4 (analyzing the abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971)).)

## II. Section 1983 Claims

To the extent the plaintiff seeks monetary damages under Section 1983, this claim also fails. A plaintiff making a Section 1983 claim must allege: "(1) that the challenged conduct was 'committed by a person acting under color of state law'; and (2) that such conduct 'deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Gazzola v. Cnty. of Nassau*, No. 16-CV-909, 2016 WL 6068138, at *4 (E.D.N.Y. Oct. 13, 2016) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

### a. Prosecutorial Immunity

As the Court stated in its prior Order, prosecutors are absolutely immune from Section 1983 suits for actions that are intimately associated with the judicial phase of the criminal process. (*See* ECF No. 6 at 5 (collecting cases).) The plaintiff alleges that ADA Jordan Korb "[k]new about the[] conflicting statements and still willingly chose to overlook them" and that "Melinda Katz . . . signed off on ADA Jordan Korbs complaint . . . before the Grand Jury Proceedings." (ECF No 7 at 2.) As with the original complaint, the plaintiff's amended complaint does not allege that these defendants acted outside the scope of their duties in signing off on the complaint and presenting the case to the grand jury. Thus, these claims are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

### b. False Statements

The Court previously dismissed the plaintiff's claims that Kwok, Tjortoglou and Frank knowingly made false statements to the grand jury, because grand jury witnesses have absolute immunity from any Section 1983 claim based on the witness' testimony, even if the testimony is

4

alleged to be perjurious. (*See* ECF No. 6 at 4–5 (collecting cases).) The plaintiff now argues that his claims are based on statements made outside the grand jury and then "carried on to the" grand jury; he says that the "Grand Jury testimony is only evidence of the lie," and that the defendant "conspired with [Kwok] to press forward the lie." (ECF No. 7 at 1, 3.)

"When a police officer claims absolute immunity for his grand jury testimony . . . the court should determine whether the plaintiff can make out the elements of his § 1983 claim without resorting to the grand jury testimony." *Coggins v. Buonora*, 776 F.3d 108, 113 (2d Cir. 2015). "If the claim exists independently of the grand jury testimony, it is not 'based on' that testimony." *Id.* "Conversely, if the claim requires the grand jury testimony, the defendant enjoys absolute immunity." *Id.* Construing the amended complaint liberally and in the light most favorable to the plaintiff, the plaintiff alleges misconduct separate and apart from the grand jury testimony; the plaintiff asserts that Kwok's statements that were ultimately presented to the grand jury were also made earlier in the investigation. Therefore, the defendants cannot benefit from absolute immunity tied to grand jury testimony.

Nevertheless, the plaintiff makes the conclusory statement that his "civil rights have been violated by the actions and lies as well as non-actions" of the defendants (ECF No. 7 at 3), but he does not explain how the allegedly contradictory statements about the number of meetings between himself and Officer Kwok violated his constitutional rights. In granting the plaintiff leave to amend his complaint, the Court advised the plaintiff of the elements required for pleading a claim for false arrest and imprisonment, but the plaintiff did not include any allegations in support of such a claim in his amended complaint. The plaintiff's conclusory assertions fail to state a claim under Section 1983. *See Johnson v. New York*, 256 F. Supp. 2d 186, 189 (S.D.N.Y. 2003) ("Any complaint asserting violations of civil rights 'must contain

5

specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983.'" (quoting *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987))); *Molina v. Kaye*, 956 F. Supp. 261, 263 (E.D.N.Y. 1996) ("Section 1983 claims must be supported by 'more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive [plaintiff] of his constitutional rights.'" (quoting *Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir.1990))).

## CONCLUSION

Accordingly, the plaintiff's amended complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A(b) and 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment, mail a copy of the Memorandum and Order to Plaintiff and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                    s/Ann M. Donnelly
                    ANN M. DONNELLY
                    United States District Judge

Dated: Brooklyn, New York
    October 27, 2025